## LUCY SMITH

*v.*

## THE PEOPLE *ex rel*. JULIAN S. RUMSEY, Treasurer, &c.

SPECIAL ASSESSMENT — *return to general officer*. Under the act of 1872, for the collection of revenue and sale of real estate for non-payment of taxes, special assessments, &c., collectors having warrants for the collection of taxes or special assessments were required to return the same to the county collector, and he was to apply for judgment, &c., but in cities having legislative authority to direct the time and manner of return, such warrants were to be returned at the time so fixed by such city authority. In this case the city of Chicago had no legislative authority to fix the time of such returns, it being fixed in its charter, and the warrants were returned as directed by the city ordinance: *Held,* on application for judgment based on such returns, that the court had no jurisdiction to render judgment.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. DAVID FALES, for the appellant.

Mr. T. LYLE DICKEY, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an application, made in the name of the appellees, for judgment against certain land of appellant, upon a special assessment for curbing with curb walls and paving with wooden blocks Larabee street, in the city of Chicago, from the north line of Chicago avenue to the south line of Clyburne avenue. The application was made in the county court of Cook county, on the second day of September, 1872. Objections in writing were there filed by the appellant, which were sustained by the court, and judgment was refused. From this an appeal was prosecuted to the circuit court of that county, where, on hearing, appellant's objections were overruled, and judgment was given as asked on behalf of appellees. The present appeal is prosecuted to procure a reversal of that judgment.

We deem it necessary to notice but one of the several objections taken to the judgment, as that, in our opinion, is vital to the jurisdiction of the court.

It is claimed on behalf of appellees, that the judgment was rendered under and by virtue of the several sections of the act approved March 22, 1872, entitled "An act to provide for the collection of revenue, and for the sale of real estate for non payment of taxes or special assessments for State, county, municipal or other purposes." 2 Gross, 329. And it is not claimed that it can be sustained under any other law.

The sixth section of that act is as follows: "Collectors having the collectors' rolls and warrants for the collection of taxes or special assessments, or both, for municipal or other purposes shall, at such time as may be determined by the legislative authority of any incorporated city, town or village having the right to direct the time and manner of the return herein provided for, return

to the sheriff or county treasurer, as the case may require, a list of the real estate on which taxes or special assessments levied or assessed by such municipal or other authority shall have become delinquent, and at such time as may be designated by said legislative authority of such city or incorporated town or village, it shall be the duty of the sheriff or county treasurer to advertise, apply for judgment and, when judgment is obtained, sell or offer for sale such delinquent real estate in the manner that real estate delinquent for State and county taxes is disposed of under the revenue laws of this State, in force and applicable to the county in which such real estate is situated; but it shall not be required that the dates fixed in the revenue laws of this State shall be observed with respect to the returns required to be made to the sheriff or county treasurer as county collector under this section. But the relative times fixed and determined by said revenue laws for advertisement, judgment, sale and redemptions, shall be observed in all proceedings under this act unless otherwise in this act provided."

The city, acting, as is claimed, pursuant to the authority conferred by this section, on the 14th June, 1872, adopted the following ordinance:

Be it ordained by the common council of the city of Chicago:

SECTION 1. That the city collector of the city of Chicago shall, on the 28th day of June, A. D. 1872, return to the treasurer of Cook county a list of the real estate, as shown by the rolls or warrants in his hands for collection, upon which taxes or special assessments levied or assessed by or under authority of said city shall have become delinquent.

SEC. 2. That said collector shall add to the taxes of the year 1871, which are ordered by section one hereof to be returned, the amount of all taxes and assessments due on any real estate, and remaining unpaid for any prior year or years, and report the same to said treasurer, with the amount of the taxes or assessments for said year 1871.

SEC. 3. The said county treasurer shall advertise the said taxes and special assessments so returned to him as delinquent, and as

due and remaining unpaid, at least four weeks prior to the first day of the September term, A. D. 1872, of the county court of Cook county, and shall apply for judgment and order of sale of such real estate for the said taxes and assessments returned to him as delinquent and as remaining due and unpaid at the said September term of said county court, and shall, in the said advertisement, give notice of his intention to apply for such judgment and order of sale, and that the time when the sale of said real estate for the payment of said taxes and assessments delinquent will commence will be on the second Monday of October, A. D. 1872.

It may be assumed that the notice given and the several steps taken preceding the application for judgment, were in conformity with this ordinance.

The question is, does the section of the act of March 22, 1872, quoted, apply to the city of Chicago?

It will be observed that it does not profess to be, and is not, a grant of power to the legislative authority of incorporated cities, towns or villages to direct the time and manner of the return therein provided for, but it simply requires, where incorporated cities, towns and villages have the right to direct the time and manner of the return, collectors having the rolls and warrants, etc., shall return them to the sheriff or county treasurer, as the case may be, at such time as may be determined by the legislative authority of any such incorporated city, town or village; and at such time as may be designated by said legislative authority of such city, etc., it shall be the duty of the sheriff or county treasurer to advertise, etc.

Appellant contends that by the charter of the city of Chicago, in force when this application was made for judgment, the legislative authority of the city had no right to direct the time and manner of the return, which is, by the section quoted, provided for; while the appellee insists, on the other hand, that such right was conferred by sec. 21, chap. 5, and sec. 1, chap. 8, of "An act to reduce the charter of the city of Chicago and the several acts amendatory thereof into one act, and to revise the

40 SMITH *v.* THE PEOPLE *ex rel.* RUMSEY, TREAS., ETC. [Sept. T.

Opinion of the Court.

same;" approved February 13, 1863. Private laws of 1863, pp. 69, 96.

By sec. 21, chap. 5, it is enacted that "it shall be the duty of the city collector to collect all taxes and assessments which may be levied by said city, and perform such other duties as may be herein prescribed or ordained by the common council." And by sec. 1, chap. 8, power is granted to the common council " to annually levy and collect taxes," etc.

If these sections were unqualified by any thing else in the act, the position of appellee might possibly be tenable ; but, in the manner they are qualified by other sections, we think it clear that they have no reference whatever to the issuing of warrants to the collector for the collection of taxes and assessments, and the time and manner of their return.

Secs. 5, 6, 7, 8, 9, 10 and 11, of chap. 8, of that act prescribe how warrants shall be issued for the collection of taxes and assessments, the duties of the collector with regard to making collections thereon, etc., and sec. 12 provides that " it shall be the duty of the collector, between the 15th day of January and the last day of February, in each year, to make report to some court of general jurisdiction, held in said city, at any special or general term thereof, of all the taxes and assessments then remaining unpaid upon the real estate tax list, and all special assessment warrants which were delivered to him on or before the last day of the preceding October, asking for judgment," etc.

Instead, therefore, of the legislative authority of the city having the right to direct the time and manner of the return of the warrants, the subject is regulated by the charter of the city, and its legislative authority has nothing to do with it.

But it is said the sections referred to were repealed by sec. 4, art. 9 of the constitution, and if it be held, that the section of the act of March 22d, 1872, before quoted, does not apply to the city of Chicago, the collection of the taxes and assessments of the city becomes impossible, for want of power in the council to direct a return to the county treasurer.

This conclusion does not, in our opinion, necessarily follow. Sec. 4 of art. 9 of the constitution, only repealed so much. of the charter of the city as authorized the city collectors to apply for judgment against real estate for delinquent taxes and assessments, and provided that return should be made for that purpose to some general officer of the county, having authority to receive State and county taxes. When, therefore, sec. 1 of the act of March 22d, 1872, designated the county treasurer as such general officer, and directed that return of the delinquent taxes and assessments should be made to him, it would seem pretty certain, in the absence of any requirement to the contrary, that at the time and in the manner the city collector was required to make return to the court, before the passage of that act, he was then required to make return to the county treasurer. But even if it were true that no way is provided for the collection of those taxes, this would not authorize us to substitute other words for those used by the legislature. It has said that the provisions of the section shall apply to cities, the legislative authorities of which have the right to direct the time and manner of the return, etc. The legislative authority of Chicago has no "right to direct the time and manner of the return," and cannot, consequently, be within the contemplation of the section.

This view disposes of the case, and no opinion will be expressed on the other questions which are discussed in the briefs. The judgment is reversed and the cause remanded.

*Judgment reversed.*